# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELLINO VILLA-DUENAS,<br><br>                Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 13-CV-1688-BEN/12-CR-0029-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

     Abellino Villa-Duenas moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. Villa-Duenas alleges he was incorrectly sentenced to 120 months in prison instead of a sentence within the range of 87-108 months. Villa-Duenas further alleges miscalculation of his criminal history points and erroneous consideration of a prior conviction. He also alleges that he was a "low level mule" that should have received a lesser sentence. (Doc. No. 38).[1] However, Villa-Duenas's claims are barred because he validly waived his right to collaterally attack his sentence. For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

     On December 2, 2011, Villa-Duenas entered the United States from Mexico. Customs and Border Patrol officers found approximately 33.15 kilograms (72.93

---

[1] All document numbers refer to the documents under criminal docket, 12-CR-0029-BEN.

pounds) of cocaine concealed within his vehicle. On January 10, 2012, Villa-Duenas was arraigned for one count charging him with the importation of cocaine and pled guilty on the same day pursuant to a plea agreement. (Doc. No. 41, Exh. 2, line 19). In his plea agreement, Villa-Duenas waived his right to collaterally attack his conviction and sentence. (Doc. No. 41 Exh. 3, pg 10).

Villa-Duenas pled guilty in open court before Magistrate Judge William McCurine, Jr. on January 19, 2012 and acknowledged that he was giving up his right to appeal and to collaterally attack his conviction and sentence. (Doc. No. 42, pg 6-7). On July 19, 2012, this Court sentenced Villa-Duenas to 120 months of imprisonment, the statutory mandatory minimum term. (Sentencing Transcript, page 4). During sentencing, Villa-Duenas again agreed that he was waiving his right to appeal and collaterally attack his conviction and sentence. (Sentencing Transcript, page 6). Villa-Duenas timely filed the instant motion on July 17, 2013.

## LEGAL STANDARD

A district court may "vacate, set aside or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). If it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION

**I. Waiver**

The Ninth Circuit has upheld the validity of waivers of the right to collaterally attack a conviction or sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). Waivers in plea bargaining are "an important component of this country's criminal justice system." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation omitted) (in the context of a waiver of right to appeal). The Ninth Circuit has held

that public policy strongly supports plea agreements. *Id.* Plea bargaining saves the government time and money, allowing it to promptly impose punishment without expending additional resources. *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)). Additionally, and "perhaps the most important benefit of plea bargaining, is the finality that results." *Id.* at 322. The Court favorably considers a defendant's waivers when considering an appropriate sentence.

The right of collateral attack in a criminal case is purely statutory. *Abarca*, 985 F.2d at 1014. A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Id.* A knowing and voluntary waiver is enforceable where the language of the waiver encompasses the grounds raised. *See Patterson-Romo v. United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted) (discussing the right to appeal).

Review of the record in this matter indicates that Villa-Duenas's claims are barred by his waiver of his collateral attack rights. As part of the plea agreement, Villa-Duenas waived his right to appeal or to collaterally attack his sentence unless the Court imposed a custodial sentence greater than the statutory mandatory minimum term or greater than the high end of the guideline range recommended by the Government, whichever is higher. (Doc. No. 41 Exh. 3, pg 10).

### 1. The Sentence Did Not Exceed the Mandatory Minimum

Villa-Duenas was convicted of smuggling approximately 33.15 kilograms of Cocaine. (Doc. No. 41 Exh. 3, pg 3). A person importing more than 5 kilograms of cocaine is subject to the mandatory minimum sentence of a term of imprisonment not less than 10 years. 21 U.S.C. § 960(b)(1)(B)(ii). Because Villa-Duenas was subject to the 120-month mandatory minimum, his sentence of 120 months in prison did not invalidate Villa-Duenas's waiver, according to the terms of the plea agreement.

### 2. The Waiver Was Knowing and Voluntary

1       The waiver of a statutory right to challenge a conviction or sentence is knowing and voluntary if the plea agreement as a whole is knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal) (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) ("waivers of appeal must stand or fall with the agreement of which they are a part") (internal quotations and citations omitted). A waiver is knowing and voluntary where the plea colloquy satisfies Rule 11 of the Federal Rules of Criminal Procedure, and the record reveals no misrepresentation or gross mischaracterization by counsel that tainted the plea. *See United States v. Sepulveda-Iribe,* 197 Fed. Appx. 592, 592 (9th Cir. 2006) (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal).

      A review of the record makes clear that his waiver was knowingly and voluntarily made. First, in the plea agreement, Villa-Duenas agreed to waive his right, as reflected in a paragraph entitled "Defendant Waives Appeal and Collateral Attack." (Doc. No. 41 Exh. 3, pg 10). The written agreement states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or the statutory mandatory minimum term., if applicable, . . . . If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing, otherwise objection will be deemed waived.

      This part of the records demonstrates: (a) Villa-Duenas had full opportunity to discuss all the facts and circumstances of the case with counsel and had a clear understanding of the charges and consequences of the plea; (b) no one had made any promises or offered any rewards for pleading guilty except for those in the agreement or disclosed to the court; (c) that no one threatened Villa-Duenas or his family; and that (d) Villa-Duenas was pleading guilty only because he was guilty. (Doc. No. 41 Exh. 3 pg 5).

      Of note, Villa-Duenas acknowledged that importation of cocaine has a

1  mandatory minimum penalty of 10 years in custody and has a maximum penalty of
2  life in prison. (Doc. No. 41 Exh. 3, pg 3). The parties agreed to reduce his base
3  offense level based on his acceptance of responsibility and a his acceptance of a fast-
4  track agreement. (Doc. No. 41 Exh. 3, pg 7). Although the base offense level was
5  reduced, the reduction was limited by the 10-year mandatory minimum. (*See*
6  U.S.S.G. § 5G1.1(b). Further, Villa-Duenas had more than one criminal history
7  point – rendering him ineligible for the safety valve.

8       Villa-Duenas also certified that he had read the agreement or had it read to
9  him in his native language, had discussed the terms with defense counsel, and fully
10 understood its meaning and effect. (Doc. No. 41 Exh. 3 pg 12). He asserted that he
11 had consulted with counsel and was satisfied with counsel's representation. (*Id.*).
12 Villa-Duenas signed the agreement and initialed every page. (Doc. No. 41 Exh. 3).

13      Second, during the change of plea hearing, Judge McCurine explained to
14 Villa-Duenas that he was facing "a mandatory minimum sentence of ten years if it
15 applies, up to a maximum life imprisonment . . . " and that "[t]he [sentencing] judge
16 may depart from [the] guidelines and impose the maximum penalties." (Doc. No. 42
17 page 7-8). More importantly, Judge McCurine questioned Villa-Duenas about his
18 waiver of his right to appeal and collaterally attack his conviction and sentence to
19 ensure he understood:

20      THE COURT:  You are also giving up your right to appeal
21      and to collaterally attack your guilty plea, conviction and
22      sentence, as long as the sentence you receive is not greater
23      than either the high-end of the guideline range the
24      Government recommends at your sentencing or the ten-
25      year mandatory term, if it applies, whichever of the two is
26      greater; do you understand?
27      And Mr. --
28      MR. LITTMAN: Villa-Duenas, your Honor.

1        THE COURT:   Mr. Villa-Duenas, do you understand your
2        waiver?
3        THE DEFENDANT: Yes.
4 (Doc. No. 42 pages 8-9). Counsel also indicated at the hearing that he went over the
5 plea agreement with Villa-Duenas in a language Villa-Duenas understood before
6 Villa-Duenas signed the plea agreement.
7        Third, Villa-Duenas waived his collateral attack right at the sentencing
8 hearing. During the sentencing hearing, this Court determined Villa-Duenas had an
9 adjusted offense level of 27, with a guideline range of 87-108, but that Villa-Duenas
10 was subject to the minimum mandatory impose by law of 120 months. Sentencing
11 Transcript, page 4). This Court imposed the minimum mandatory sentence of 120
12 months which Villa-Duenas heard and understood. (*Id.*). After announcing the
13 sentence, the Court further questioned Villa-Duenas and his counsel about Villa-
14 Duenas's waiver of his right to appeal and collaterally attack his conviction and
15 sentence.
16        If Villa-Duenas had somehow been misled or misunderstood the possibility of
17 receiving a minimum mandatory sentence of 120 months before the sentencing
18 hearing, he knew what the sentence was now. Nevertheless, he neither objected nor
19 questioned the sentence during the sentencing hearing colloquy:
20        THE COURT: Mr. Littman, Do you acknowledge that he's
21        waived his right to appeal and collaterally attack?
22        MR. LITTMAN: Yes, your honor.
23        THE COURT: *Mr. Villa-Duenas, Do you acknowledge*
24        *that you've waived your right to appeal and collaterally*
25        *attack?*
26        DEFENDANT: *Yes*.
27 (Sentencing Transcript, page 6) (emphasis added).
28        After a careful review of the written plea agreement, the Rule 11 plea

colloquy, the sentencing hearing transcript, and the entire record in this matter, this Court finds that the plea and the waiver were knowing and voluntary.

**II. Evidentiary Hearing**

Given the foregoing discussion, this Court finds that Villa-Duenas cannot succeed upon his claims and holding an evidentiary hearing or seeking additional briefing would serve no purpose.

## CONCLUSION

In accordance with the conclusions set forth above, Villa-Duenas's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Villa-Duenas has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: March 26, 2014

_____
Hon. Roger T. Benitez
United States District Judge